IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MATTHEW M. W.[1],                                    Case No. 6:25-cv-00233-JR

          Plaintiff,                                   OPINION AND ORDER

          v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

          Defendant.

RUSSO, Magistrate Judge:

Plaintiff Matthew W. brings this action for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income under the Social Security Act. For the reasons set forth below, the Commissioner's decision is affirmed, and this case is dismissed.

---

[1] In the interest of privacy, this opinion uses only the first name and initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Page 1 – OPINION AND ORDER

## PROCEDURAL BACKGROUND

Born in 1973, plaintiff alleges disability beginning April 21, 2022, due to a stainless-steel rod in his left knee to hip, a rebuilt knee, a limp, high blood pressure, and bilateral carpal tunnel syndrome. Tr. 40, 339. His claim was denied initially and upon reconsideration. On June 4, 2024, a hearing was held before an Administrative Law Judge ("ALJ"), wherein plaintiff was represented by counsel and testified, as did a vocational expert ("VE"). Tr. 35-52. On June 11, 2024, the ALJ issued a decision finding plaintiff not disabled. Tr. 17-27. After the Appeals Council denied his request for review, plaintiff filed a complaint in this Court. Tr. 3-8.

## THE ALJ'S FINDINGS

At step one of the five step sequential evaluation process, the ALJ found plaintiff had not engaged in substantial gainful activity since the application date. Tr. 19. At step two, the ALJ determined the following impairments were medically determinable and severe: "leg fracture, degenerative joint disease of knee and hip, degenerative disc disease of spine, and obesity." *Id*. At step three, the ALJ found plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of a listed impairment. Tr. 20.

Because he did not establish a presumptive disability at step three, the ALJ continued to evaluate how plaintiff's impairments affected his ability to work. The ALJ resolved that plaintiff had the residual function capacity ("RFC") to perform light work except:

> [He] can stand and/or walk for a total of about 2 hours in an 8-hour workday; sit for a total of about 6 hours in an 8-hour workday; never climb ladders, ropes, or scaffolds, or crawl; occasionally climb ramps and stairs, kneel, and crouch; frequently balance as defined in the *Selected Characteristics of Occupations*; frequently stoop; and frequently handle and finger bilaterally routine tasks.

Tr. 21.

Page 2 – OPINION AND ORDER

At step four, the ALJ determined plaintiff is unable to perform any past relevant work. Tr. 25. At step five, the ALJ concluded, based on the VE's testimony, that there were a significant number of jobs in the national economy plaintiff could perform despite his impairments. Tr. 26.

## DISCUSSION

Plaintiff argues only that the ALJ erred by failing to order a consultative examination ("CE"). Pl.'s Opening Br. 6-8 (doc. 11). Specifically, plaintiff argues the ALJ should have ordered a CE because clarification on his physical health impairments was "clearly needed" since additional evidence was submitted after the initial consideration. *Id*. Second, plaintiff argues that Dr. Cuccaro's reliance on plaintiff's failure to comply in denying an order for a CE should be overlooked because he "never received documents sent to him" between March 2023 and June 2023. *Id*. The Court is not persuaded.

The Commissioner "has broad latitude in ordering a consultative examination" and "[t]he government is not required to bear the expense of an examination for every claimant." *Reed v. Massanari*, 270 F.3d 838, 842 (9th Cir. 2001) (citations omitted). The types of cases that "normally require a consultative examination" include those in which "additional evidence needed is not contained in the records of [the claimant's] medical sources," and those involving an "ambiguity or insufficiency in the evidence [that] must be resolved." *Reed*, 270 F.3d at 842 (alterations in original) (citations omitted); *see also Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) ("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence") (citation omitted); 20 C.F.R. § 416.919a ("We may purchase a consultative examination to try to resolve an inconsistency in the evidence or when the evidence as a whole is insufficient to support a determination or decision on your claim."). When, however, the ALJ finds the evidence is

Page 3 – OPINION AND ORDER

sufficient to support the decision, the ALJ is not required to order a consultative examination. *Taylor v. Astrue*, 386 F. App'x 629, 632-33 (9th Cir. 2010).

A claimant can waive this argument by failing to request a consultative examination during the administrative proceedings. *Hahn v. Berryhill*, No. 6:16-CV-00317-BR, 2017 WL 2927151, at *4 (D. Or. June 30, 2017) ("Plaintiff, by not raising the issue before the ALJ, waived any challenge to the ALJ's failure to develop the record further by ordering a comprehensive physical examination."); *see also Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999) ("[A]t least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal."). Here, the ALJ appropriately found that the record was sufficient for determining the limitations imposed by plaintiff's purported physical limitations. Accordingly, the ALJ did not err in declining to order a consultative examination.

The ALJ first considered plaintiff's claims that he could not work due to his reported back, hip, left leg, left knee, and bilateral upper extremity pain. Tr. 22-25. The ALJ found however that the medical evidence was inconsistent with these claims and that there was evidence of plaintiff's noncompliance, exaggerated symptoms, and secondary gain in order to avoid arrest. Tr. 24, citing Tr. 440, 447, 453, 962. The ALJ next considered medical opinions from Drs. Davenport and Cuccaro, the state agency medical consultants. Tr. 25. Dr. Davenport initially opined that plaintiff could occasionally lift 20 pounds, frequently lift 10 pounds, stand or walk for 6 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday. Tr. 57-58. Dr. Davenport also stated that plaintiff was limited to frequently climbing ramps or stairs and crawling, and that he could occasionally climb ladders, ropes, or scaffolds. Tr. 58. Ultimately, the ALJ agreed with Dr. Davenport's limitation to reduced light work and 6 hours of sitting, but found that his other determinations were not persuasive. Tr. 25. Next, the ALJ highlighted that at the reconsideration

Page 4 – OPINION AND ORDER

level, Dr. Cuccaro "found insufficient evidence to assess [plaintiff]'s residual functional capacity due to [plaintiff]'s failure to comply with requests for a medical release and function report, as well as the [plaintiff] being unlikely to attend a consultative evaluation in view of his failure to comply with these requests." Tr. 25, citing Tr. 63, 65. The ALJ found this opinion persuasive because it was "supported by a review of the longitudinal medical evidence" and "consistent with the lack of medical evidence since the alleged onset date apart from records regarding the emergency department visits in April and August 2022." Tr. 25.

Against this backdrop, the plaintiff's claim that the ALJ should have ordered a CE fails. As discussed, the Ninth Circuit holds that when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve those issues on appeal. *See Meanel*, 172 F.3d at 1115. Here, plaintiff's attorney did not request a CE before the ALJ, nor did he suggest that one was necessary for the ALJ to make an informed decision. Quite the opposite. Counsel represented at the hearing that the record was complete and devoid of any additional records after August 2022. Tr. 36. It was only until after the ALJ rendered a decision adverse to plaintiff that counsel raised the CE issue. A claimant's counsel cannot remain silent during the administrative proceedings concerning known facts that the ALJ invited counsel to address (here, the fact that the record contains no medical records after 2022) and then raise those very same facts on appeal to argue for an administrative do-over. *See Solorzano v. Astrue*, No. ED CV 11-369-PJW, 2012 WL 84527, at *6 (C.D. Cal. Jan. 10, 2012) (discussing counsel's "obligation to take an active role and to raise issues that may impact the ALJ's decision while the hearing is proceeding so that they can be addressed"); *see also Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017) (a claimant, when represented by counsel, waived a challenge on appeal when the issue was not raised during administrative proceedings).

Page 5 – OPINION AND ORDER

Waiver aside, plaintiff's CE argument is without merit. Though the record shows several undeliverable correspondences from the Agency to plaintiff's old address from March to June 2023, his failure to comply with agency requests and failure to update his address several months prior to his administrative hearing has no bearing on the adequacy of the ALJ's final determination.[2] Plaintiff has a duty to provide information to the agency. *See* Social Security Ruling 17-4p, 2017 WL 4736894, at *3 (Oct. 4, 2017) (agency rules of conduct "impose an affirmative duty on a representative to act with reasonable promptness to help obtain the information or evidence that the claimant must submit and forward the information or evidence to us as soon as practicable"). It is undisputed that plaintiff failed to do so.

Ultimately, plaintiff's argument is unpersuasive because the ALJ did not rely on plaintiff's failure to submit a medical release or function report as a basis for finding him not disabled. In fact, the only mention of plaintiff's failure to submit those forms was the ALJ's accurate observation that Dr. Cuccaro found insufficient evidence to evaluate the claim.[3] Rather, the ALJ evaluated plaintiff's claim on the evidence presented, including the medical evidence of record and plaintiff's testimony, and rendered an RFC and determination based on that evidence. Plaintiff does not cite, and the Court has been unable to locate, anything in the available 2021-22 records

---

[2] The Court has not located a case on point regarding this issue—specifically regarding whether a plaintiff may argue that the ALJ erred by failing to obtain a consultative medical opinion where the ALJ attempted to obtain that opinion, but the consultative examiner concluded that it had insufficient information because plaintiff did not provide the requested information. Neither party relies on any exemplary case law on this issue to guide their arguments. Instead, plaintiff argues the ALJ "substituted her own interpretations of medical record and data for medical opinions[,]" Pl.'s Br. at 8, and the Commissioner asserts the "evidence of record adequately and unambiguously" supports the ALJ's RFC findings. Def.'s Br. 6-7 (doc 13).

[3] At the reconsideration level, Dr. Cuccaro attempted to assess plaintiff's claim, but concluded that without plaintiff's information, there was insufficient evidence. *See* Tr. 64 ("[Plaintiff] did not return a detailed functional testimony after due process. A recent, comprehensive [musculoskeletal] exam would be needed. A CE not ordered due to [failure to comply].")

that is inconsistent with the ALJ's finding that plaintiff could perform light work. Other than plaintiff's testimony, which the ALJ discounted for reasons not challenged on appeal, there was no evidence in the record that his condition had worsened since 2022. If plaintiff's condition had truly changed from him being able to walk 12 miles in 1 day without issue, Tr. 453, to only being able to walk with "a very noticeable limp" for 15-20 minutes before needing to sit down, Tr. 41, some treating records would have been expected. The evidentiary record, therefore, supported the ALJ's finding that during the relevant period, plaintiff had at least the same RFC that he had in 2022.

In sum, the ALJ appropriately determined the record was sufficient for determining the limitations imposed by plaintiff's purported physical limitations. Accordingly, the ALJ did not err in declining to order a consultative examination.

## CONCLUSION

For the reasons stated above, the Commissioner's decision is AFFIRMED, and this case is DISMISSED.

IT IS SO ORDERED.

DATED this 18th day of March, 2026.


_____/s/ Jolie A. Russo_____
Jolie A. Russo
United States Magistrate Judge